**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DEMETRIUS HALL,<br><br>    Plaintiff,<br><br>    v.<br><br>LT. J. GORMAN #555, SGT. M. NUNEZ #2056, SGT. J. COSTA #1664, P.O. E. RANDLE #6714, P.O. A. CASTILLO #19712, P.O. J. BROWN #114562, P.O. C. BURTON #17435, P.O. H. RAMIREZ #16434, P.O. S. LUGO #10975, P.O. M. GALLAGHER #12713, and the CITY OF CHICAGO,<br><br>    Defendants. | No. 08-cv-2643<br><br>Judge Kennelly |

## **FIRST COMPLAINT AT LAW**

NOW COMES the PLAINTIFF, by and through Horwitz, Richardson, & Baker LLC., and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit LT. J. GORMAN #555, SGT. M. NUNEZ #2056, SGT. J. COSTA #1664, P.O. E. RANDLE #6714, P.O. A. CASTILLO #19712, P.O. J. BROWN #114562, P.O. C. BURTON #17435, P.O. H. RAMIREZ #16434, P.O. S. LUGO #10975, P.O. M. GALLAGHER #12713, (hereinafter, the "DEFENDANT OFFICERS"), and the CITY OF CHICAGO.

### **JURISDICTION**

1.    The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

1

## PARTIES

2. PLAINTIFF is a resident of the State of Illinois and a citizen of the United States.

3. The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

4. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS. At all times material to this Complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

## FACTS

5. On or about July 13, 2007, the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF at his residence located at 951 N. Latrobe, Chicago, Illinois. The DEFENDANT OFFICERS arrested and charged the PLAINTIFF with Unlawful Use of a Weapon, notwithstanding the fact that on July 13, 2007 the PLAINTIFF had not committed Unlawful Use of a Weapon. This conduct violated the Fourth Amendment to the United States Constitution.

6. The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

7. On July 13, 2007, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

8. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

9. On or about July 13, 2007, the DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

## COUNT I
### §1983 False Arrest

10. PLAINTIFF re-alleges paragraphs 1 – 9 as though fully set forth herein.

11. The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

12. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT II
### False Arrest –State Claim

13. PLAINTIFF re-alleges paragraphs 1 – 9 as though fully set forth herein.

3

14. The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. The conduct of the DEFENDANT OFFICERS was in violation of the Constitution of the State of Illinois as well as Illinois law.

15. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

### COUNT III
### Malicious Prosecution - State Claim

16. PLAINTIFF re-alleges paragraphs 1 – 9 as though fully set forth herein.

17. The DEFENDANT OFFICERS alleged that PLAINTIFF violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against PLAINTIFF.

18. The DEFENDANT OFFICERS engaged in this effort without probable cause.

19. The underlying criminal charges were ultimately resolved in favor of PLAINTIFF.

20. The underlying criminal charges were resolved in a manner indicative of innocence.

21. The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs

against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT IV
### § 1983 Unlawful Search of Residence

22. PLAINTIFF re-alleges paragraphs 1 – 9 as though fully set forth herein.

23. The DEFENDANT OFFICERS invaded the home owned or occupied by PLAINTIFFwithout a search warrant, probable cause, exigent circumstances and/or any other lawful basis, and therefore violated the Fourth Amendment to the United States Constitution.

24. The DEFENDANT OFFICERS unlawfully conducted a search therein.

25. The aforementioned actions were the direct and proximate cause of the violations as set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT V
### 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

26. PLAINTIFF re-alleges paragraphs 1 – 25 as though fully set forth herein.

27. Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

28. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and within the scope of their employment with the CITY OF CHICAGO.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay PLAINTIFF any judgment obtained against the DEFENDANT OFFICERS as a result of this Complaint.

## COUNT VI
### Supplementary Claim for *Respondeat Superior*

29. PLAINTIFF re-alleges paragraphs 1 – 25 as though fully set forth herein.

30. The aforesaid acts of the DEFENDANT OFFICERS were within the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff demands judgment against the CITY OF CHICAGO and such other additional relief, as this Court deems equitable and just.

## JURY DEMAND

31. Plaintiff demands trial by jury.

Respectfully submitted,

s/ Blake Horwitz
Attorney for the Plaintiff
Blake Horwitz

**HORWITZ, RICHARDSON & BAKER LLC**
Two First National Plaza
20 S. Clark St. Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076