IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS HALL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08-2643 |
| | ) | |
| v. | ) | Judge Kennelly |
| | ) | |
| LT. J. GORMAN #555, SGT. M. NUNEZ #2056, SGT. J. COSTA #1664, P.O. E. RANDLE #6714, P.O. A. CASTILLO #19712, P.O. J. BROWN #114562, P.O. C. BURTON #17435, P.O. H. RAMIREZ #16434, P.O. S. LUGO #10975, P.O. M. GALLAGHER #12713, and the CITY OF CHICAGO, | ) ) ) ) ) ) ) ) | |
| | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CITY OF CHICAGO'S ANSWERS AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant City of Chicago ("the City), by its attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, and Leo Tyree, Assistant Corporation Counsel for the City of Chicago, answers plaintiff D. Hall's First Amended Complaint as follows:

### JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**ANSWER: The City admits that this court has jurisdiction over the federal claims in this case pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States. The City also admits that the court has and supplemental jurisdiction over the state claims alleged in this case.**

-1-

## PARTIES

2. PLAINTIFF is a resident of the State of Illinois and a citizen of the United States.

**ANSWER: Upon information from Chicago Police Department ("CPD") documents, the City admits the allegation in this paragraph.**

3. The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

**ANSWER: Upon information from CPD documents the City admits that Lt. J. Goram, Sgt. M. Nunez, Sgt. J. Costa, and Officers E. Randle, A. Castillo, J. Brown, C. Burton, H. Ramirez, S. Lugo, and M. Gallagher were employed and on duty as Chicago Police Officers at the time alleged in the complaint. The City denies the remaining allegations in this paragraph.**

4. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS. At all times material to this Complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

**ANSWER: The City of Chicago admits that it is a municipality corporation. Under information and belief, the City also admits that Lt. J. Goram, Sgt. M. Nunez, Sgt. J. Costa, and Officers E. Randle, A. Castillo, J. Brown, C. Burton, H. Ramirez, S. Lugo, and M. Gallagher were employed and on duty as Chicago Police Officers and acted under color of state law, statutes, and ordinances at the time alleged in the complaint. The City is without information sufficient to form a belief as to the truth of this remaining allegations in this paragraph.**

## FACTS

     5.     On or about July 13, 2007, the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF at his residence located at 951 N. Latrobe, Chicago, Illinois.  The DEFENDANT OFFICERS arrested and charged the PLAINTIFF with Unlawful Use of a Weapon, notwithstanding the fact that on July 13, 2007 the PLAINTIFF had not committed Unlawful Use of a Weapon. This conduct violated the Fourth Amendment to the United States Constitution.

**ANSWER: Upon information obtained from CPD documents, the City also admits that a lawful search was conducted at 951 N. Latrobe, Chicago, IL, on or about the date of July 13, 2007. Upon information obtained from CPD documents, the City also admits that the Plaintiff was arrested and charged with unlawful possession of a weapon on said date. The City denies the remaining allegations.**

     6.     The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort.  The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

**ANSWER: Upon information and belief, based upon CPD documents, the city admits that arresting officers E. Randle and A. Castillo arrested and  charged Plaintiff with unlawful possession of a weapon. The City also admits that Lt. J. Goram, Sgt. M. Nunez, Sgt. J. Costa, and Officers J.  Brown, C. Burton, H. Ramirez, S. Lugo, and M. Gallagher did not prevent Plaintiff from being arrested because Officer E. Randle and A. Castillo had probable cause to arrest Plaintiff for unlawfully possessing a hand gun. The City denies the remaining allegations in this paragraph.**

7.     On July 13, 2007, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

**ANSWER: The City denies the allegation in this paragraph.**

8.     As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

**ANSWER: The City denies all the allegations in this paragraph.**

9.     On or about July 13, 2007, the DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and were duly appointed police officers for the CITY OF CHICAGO.  The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty.  This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

**ANSWER: Upon information and belief, the City admits that the named Defendant Officers were employed as Police Officers for the City of Chicago on or about July 13, 2007. The City also admits that Plaintiff purports to bring this action with regard to the individual capacity of the Defendant Officers. The City denies the remaining allegations in this paragraph.**

**COUNT I**
**§1983 False Arrest**

10.    PLAINTIFF re-alleges paragraphs 1 – 9 as though fully set forth herein.

**ANSWER: The City hereby incorporates and re-alleges its answers to  paragraphs one (1) through nine ( 9) as though fully set forth at this place.**

11.    The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity.  Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

**ANSWER: Upon information and belief, the City admits that Plaintiff was arrested for unlawful possession of a weapon. The City denies the remaining allegations as set forth in this paragraph.**

      12.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

**ANSWER: The City denies the allegations set forth in this paragraph.**

**COUNT II**
**False Arrest –State Claim**

      13.    PLAINTIFF re-alleges paragraphs 1–9 as though fully set forth herein.

**ANSWER: The City hereby incorporates and re-alleges its answers to paragraphs one (1) through nine (9) as though fully set forth in this place.**

      14.    The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. The conduct of the DEFENDANT OFFICERS was in violation of the Constitution of the State of Illinois as well as Illinois law.

**ANSWER: The City denies the allegations set forth in this paragraph.**

      15.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

**ANSWER: The City denies the allegations set forth in this paragraph.**

**COUNT III**
**Malicious Prosecution - State Claim**

      16.    PLAINTIFF re-alleges paragraphs 1–9 as though fully set forth herein.

**ANSWER: The City hereby incorporates and re-alleges its answers to paragraphs one (1) through nine (9) as though fully set forth in this place.**

17. The DEFENDANT OFFICERS alleged that PLAINTIFF violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against PLAINTIFF.

**ANSWER: Upon information from CPD documents, the City admits that Plaintiff was arrested and charged with illegal possession of a weapon by Officers E. Randle and A. Castillo. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.**

18. The DEFENDANT OFFICERS engaged in this effort without probable cause.

**ANSWER: The City denies the allegations set forth in this paragraph.**

19. The underlying criminal charges were ultimately resolved in favor of PLAINTIFF.

**ANSWER: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

20. The underlying criminal charges were resolved in a manner indicative of innocence.

**ANSWER: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

21. The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

**ANSWER: The City denies the allegations set forth in this paragraph.**

## COUNT IV
## § 1983 Unlawful Search of Residence

22. PLAINTIFF re-alleges paragraphs 1–9 as though fully set forth herein.

**ANSWER:  The City hereby incorporates and re-alleges its answers to paragraphs one (1) through nine (9) as though fully set forth in this place.**

23.     The DEFENDANT OFFICERS invaded the home owned or occupied by PLAINTIFF without a search warrant, probable cause, exigent circumstances and/or any other lawful basis, and therefore violated the Fourth Amendment to the United States Constitution.

**ANSWER: The City denies the allegations set forth in this paragraph.**

24.     The DEFENDANT OFFICERS unlawfully conducted a search therein.

**ANSWER: The City denies the allegations set forth in this paragraph.**

25.     The aforementioned actions were the direct and proximate cause of the violations as set forth above.

**ANSWER: The City denies the allegations set forth in this paragraph.**

**COUNT V**
**745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO**

26.     PLAINTIFF re-alleges paragraphs 1–25 as though fully set forth herein.

**ANSWER:  The City hereby incorporates and re-alleges its answers to paragraphs one (1) through nine (9) as though fully set forth in this place.**

27.     Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

**ANSWER: Upon information and belief, based on CPD documents, the City admits that named Defendant Officers were employed by the City of Chicago as Police Officers on or about July 13, 2007.**

28.     The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and within the scope of their employment with the CITY OF CHICAGO.

**ANSWER: The City admits that named Defendant Officers were employed by the City of Chicago and acted under color of law.**

## COUNT VI
### Supplementary Claim for *Respondeat Superior*

29.    PLAINTIFF re-alleges paragraphs 1–25 as though fully set forth herein.

**ANSWER: The City hereby incorporates and re-alleges its answers to paragraphs one (1) through nine (9) as though fully set forth in this place.**

30.    The aforesaid acts of the DEFENDANT OFFICERS were within the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

**ANSWER:  Upon information and belief, the City admits that the named Defendant Officers were within the scope of their employment with the City of Chicago. The City is without sufficient knowledge or information sufficient to form a belief as to the remaining allegations set forth in this paragraph.**

## AFFIRMATIVE DEFENSES

1.    Defendant Officers are entitled to qualified immunity. Defendant Officers are government officials, namely police officers, who preform discretionary functions. At all times material to the events alleged in Plaintiff's First Amended Complaint, a reasonable police officer objectively view the facts and circumstances that confronted Defendant officers could have believed their actions to be lawful, in light of clearly established law and the information the Defendant Officers possessed. Therefore, Defendant Officers are entitled to qualified immunity as a matter of law.

2.     As to Plaintiff's state law claims, Defendant Officers are not liable for injuries arising out of their exercise of discretionary acts. Illinois Local Governmental and Governmental Torts Immunity Act, 745 ILCS 10/2-201.

3.    As to Plaintiff's state law claims, Plaintiff cannot establish willful and wanton conduct on the part of Defendant Officers and therefore they are immune from suit.  Illinois Local Governmental and Governmental Torts Immunity Act, 745 ILCS 10/2 202.

4.     As to Plaintiff's state law claims, Defendants are not liable for any injury caused by the acts or omissions of another person. Illinois Local Governmental and Governmental Torts Immunity Act, 745 ILCS 10/2-204.

5.     To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of the Plaintiff, any verdict or judgement obtained by Plaintiff based on any finding of "reckless" willful or wanton behavior as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See* Poole v. City of Rolling Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill.Dec. 171 (Ill. 1995).

6.     To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

7.     Under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, Defendant City of Chicago is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party. 745 ILCS 10/2-102.

8.     Under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, Defendant City of Chicago is not liable to Plaintiff if its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109.

## JURY DEMAND

Defendants hereby demand a jury trial.

Respectfully submitted,

LE'ORA TYREE
ASSISTANT CORPORATION COUNSEL
CITY OF CHICAGO,


By:     /s/Le'Ora Tyree_____
LE'ORA TYREE
Assistant Corporation Counsel

30 North LaSalle Street Ste., 1020
Chicago, Illinois 60602
(312) 744-1056 Office
(312) 744-3989 Fax
Attorney No. 06288669

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS HALL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08-2643 |
| | ) | |
| v. | ) | Judge Kennelly |
| | ) | |
| LT. J. GORMAN #555, SGT. M. NUNEZ #2056, SGT. J. COSTA #1664, P.O. E. RANDLE #6714, P.O. A. CASTILLO #19712, P.O. J. BROWN #114562, P.O. C. BURTON #17435, P.O. H. RAMIREZ #16434, P.O. S. LUGO #10975, P.O. M. GALLAGHER #12713, and the CITY OF CHICAGO, | ) ) ) ) ) ) ) ) ) | **Jury Demand** |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I, Le'Ora Tyree, hereby certify that I caused this notice and the attached document to be electronically served upon all counsel of record by filing the same before the Court via the ECF system on this 23rd day of August, 2008.

             Respectfully submitted,

             LE'ORA TYREE
             CORPORATION COUNSEL
             CITY OF CHICAGO,

       By:  */s/ Le'Ora Tyree*
           LE'ORA TYREE
           Assistant Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, Illinois 60602
(312) 744-1056 Office
(312) 744-3989 Fax
Attorney No. 06288669